HARDY, Judge.
This is an appeal from judgment rejecting plaintiff’s demands for compensation in the nature of permanent, total disability. The issues tendered by this appeal are purely factual in nature, there being no questions with reference to the law.
Plaintiff, Odis C. Prince, employed as a laborer in the industrial plant of J. B. Beaird Company, Inc., alleged that he sustained injury on two separate occasions while engaged in the course and scope of his employment, on August 14 and August 17, 1953. As a "result plaintiff alleged he had suffered total and permanent disability to perform the character of manual labor in which he was engaged at the time, or any other work of a similar nature. The substance of plaintiff’s principal claim is set forth in Article III of his original petition, reading as follows:
“On said dates, while engaged in the work of his master, discharging duties incidental to and arising out of his employment, within the course and scope thereof, pushing a truck heavily loaded with shell shavings, doing the work of two men, because of overexertion, strain and excessive heat, plaintiff sustained heat prostration and became ill on Aug. 14, 1953, began to cramp in his arms and sides, experienced dizziness and nausea, which conditions-persisted and grew progressively worse, and on Aug. 17, 1953, about 7 p. m., while doing the same character of work, he experienced severe pains in his chest, in addition to the other pains mentioned, all of which produced and resulted in pneumonia, pleurisy with effusion, pneu-monitis, thickening of the pleura over his right lung, infiltration, of the middle lobe thereof, and general weakness of his lungs, pleura and heart.”
By supplemental and amended petition plaintiff alleged further that on the occasions of the “accident” he “struck his head against a steel conveyor, producing concussion of the brain, .nervousness and debility.” This injury has not been emphasized before this court, and, indeed, brief of plaintiff’s counsel does not mention any claim based thereupon. It suffices for us to say there is not the slightest, evidence in the record which supports a conclusion of the injuries alleged, even if the occurrence of the incident be conceded.
*576 It follows that the injuries upon which plaintiff’s rights must he determined are confined to the specific affections set forth in the article of his petition above noted referring to pleural and pneumonic . involvement of the lungs.
It is noted that plaintiff has a record of injuries and claims, and of particular importance in - the consideration of this case is the history of an accidental injury incurred on June 16, 1944 by plaintiff while in the employ of the Kansas City Southern Railway Company. On the date set forth plaintiff sustained a traumatic hernia. Following an operation for the repair of this injury plaintiff developed certain "chest complications. On February 7, 1946 plaintiff brought suit for damages against the K. C. S. Railway in the Circuit Court of Jackson County, Missouri, and eventually recovered judgment in the sum of $27,500. The two-volume transcript of the testimony in this suit was filed in evidence in the instant cause and the case is reported in Prince v. Kansas City Southern R. Co., 358 Mo. 393, 214 S.W.2d 707 and 360 Mo. 580, 229 S.W.2d 568. On trial of the case, which was had in May, 1947, plaintiff testified in considerable detail as to the nature of his chest injuries and the effects thereof. We think it highly significant that on trial of the case before us plaintiff was apparently unable to remember any details of these previous injuries, despite the fact that his petition •alleged, and he insistently claims recovery for, injuries of a remarkably similar nature.
Study of' the transcript of testimony has served to convince us that the testimony of -this plaintiff, Odis C. Prince, is completely unworthy of belief. The inconsistencies, unexplained ' discrepancies, and, as we believe, the-downright falsity‘of plaintiff’s testimony is conclusively demonstrated in so many instances that we deem it unnecessary to narrate the burdensome details -in connection therewith. This lack of •credibility further attaches to- the testimony of some of plaintiff’s witnesses.
The medical evidence, though conflicting, substantially preponderates in favor of the conclusion that the injuries, affections and disabilities from which plaintiff now claims to be suffering did not result from any accident incurred in the course and scope of his employment with the Beaird Company, but, unquestionably, if they presently exist, are the continuing effects attributable to the accident sustained in 1944 and the resultant effects and complications therefrom.
In connection with the medical testimony we choose to emphasize only one phase. Dr. W. R. Harwell, an expert and highly qualified radiologist, called as a witness for plaintiff, testified, on the basis of five radiological examinations made between the dates of September 10, 1953 and January 9, 1956, that plaintiff was suffering from a pleural thickening of the right lung area with an involvement of pneumonitis and was unable to perform sustained heavy manual labor. The witness found little change during the period between the first and the fifth examination. On cross-examination Dr. Harwell was presented with an x-ray film of plaintiff’s chest taken on May 24, 1947, by Dr. David Dan of Kansas City, which film and the testimony of Dr. Dan made up a portion of the record of the trial of plaintiff’s suit against the K. C. S. Railway. Dr. Harwell testified in connection with the x-ray films that, in his opinion, there was no difference in the appearance, and consequently no change in plaintiff’s condition, with reference to the pleural thickening and the general condition of his right lung, chest and pleura. As a result of this comparison the witness testified that plaintiff could perform the same character of labor at the time of trial as he had been performing at the time of the alleged accident while in the employ of the Beaird Corporation.
Summing up our findings of fact, we are of the firm opinion that plaintiff has woefully failed to establish, by credible evidence, the occurrence of accidents either on Au *577 gust 14 or August 17, 1953, due to “overexertion, strain and excessive heat”, as the result of which he suffered heat exhaustion producing and resulting “in pneumonia, pleurisy with effusion, pneumonitis, thickening of the pleura over his right lung, infiltration of the middle lobe thereof, and general weakness of his lungs.”
Despite the fact that this finding, in itself, is sufficient to justify the rejection of plaintiff’s claims, we add that it is our opinion that plaintiff’s condition is of long standing, having . endured at least since sometime in the year 1946 or 1947 to the present time, and his condition now is no worse than it has been during the entire period. We further conclude that plaintiff has suffered no disability and is now fully as able to perform manual labor of the nature in which he was engaged for the defendant employer as at any time pri- or to August 14, 1953.
We perceive no error, even of the slightest degree, in the judgment from which appealed, and, accordingly, the said judgment is affirmed at appellant’s cost.